IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| C.C.S., a minor child,  )<br>VICTORIA SHAW CARTER, and  )<br>ZACHARY CHASE CARTER,  )<br>)<br>Plaintiffs, pro se,  )<br>)<br>v.  )<br>)<br>CHILD PROTECTIVE SERVICES  )<br>OF ORANGE COUNTY, et al.,  )<br>)<br>Defendants.  ) | **MEMORANDUM OPINION**,<br>**ORDER AND**<br>**RECOMMENDATION**<br><br>1:11CV81 |

This matter is before the court for a review of the *pro se* Plaintiffs' application to proceed *in forma pauperis* ("ifp"). For the reasons set out below, ifp will be granted for the limited purpose of entering this order and recommendation, the clerk will be directed to file the complaint, and it will be recommended that the complaint be dismissed.

**DISCUSSION**

Plaintiffs seek to proceed *in forma pauperis*. Accordingly, the court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, the court must determine whether the complaint raises an indisputably meritless legal theory or is founded

upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

In their 113-page complaint, Plaintiffs allege that, in various matters involving custody of and visitation rights with their minor child, the named Defendants have violated Plaintiffs' federal due process and other constitutional rights and have committed various state law torts. Significantly, the complaint makes clear that Plaintiffs' claims concern *ongoing* child custody and visitation matters in state court. Plaintiffs have named the following individuals or entities as Defendants: Orange County Child Protective Services and five of its employees; the guardian ad litem appointed to represent the minor child in the custody case; the program administrator for the Orange County guardian ad litem program; the attorney for the Orange County guardian ad litem program; an attorney representing Orange County Child Protective Services; the court-appointed attorney who represented the Plaintiff father in child custody proceedings; the court-appointed attorney who represented the Plaintiff mother in child custody proceedings; four state court judges involved in the child custody proceedings; a therapist who completed a parental competency exam; the minor child's paternal grandparents; and the minor child's maternal grandparents.

This court should decline to exercise jurisdiction over Plaintiffs' claims for two reasons. First, "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters." *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir.

2

2006) (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980)).  Furthermore, this court should abstain from exercising jurisdiction over Plaintiffs' claims under the "*Younger*-abstention doctrine," as defined in *Younger v. Harris*, 401 U.S. 37 (1971). "Under [the] *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984).  The Fourth Circuit has held that *Younger* abstention is appropriate when (1) there is an ongoing state court proceeding, (2) the proceeding implicates important state interests, and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding.  *Emps. Res. Mgmt. Co. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995).

Here, Plaintiffs' claims concern ongoing child custody and visitation matters, which implicate important state interests.  Furthermore, Plaintiffs have an adequate state forum in which to pursue their federal constitutional claims.  Thus, this court should abstain from asserting jurisdiction over Plaintiffs' claims; furthermore this court should ultimately deny the ifp application.  *Accord H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (abstaining under *Younger* in Section 1983 action where state child custody proceedings were ongoing).

**CONCLUSION**

For the foregoing reasons, Plaintiffs' ifp application is **GRANTED** for the limited purpose of entering this order and recommendation, the clerk is **DIRECTED** to file the complaint, and it is **RECOMMENDED** that the court decline to exercise jurisdiction, that the ifp application should be denied, and that the complaint should be dismissed.

_____
WALLACE W. DIXON
United States Magistrate Judge

April 7, 2011